J-S08030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.A.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| K.L.M. | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| T.I.C. | : | No. 1579 WDA 2019 |

Appeal from the Order Entered September 24, 2019
In the Court of Common Pleas of Crawford County Civil Division
at No(s):  FD 2019-99

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 2, 2020**

K.L.M. (Mother) appeals from the order entered in the Crawford County Court of Common Pleas permitting T.I.C. (Grandmother) to intervene in this child custody matter.  As the court has yet to resolve the underlying issue of custody, we quash this appeal as improperly taken from an interlocutory order.

Mother and M.A.M. (Father) have two children together: B.M., now approximately three or four years old, and K.M., approximately one or two years old.[1]  According to Mother, Father "has been in and out of jail" for most of the children's lives; additionally, Mother had a protection from abuse order

_____

[1] Father's complaint for custody stated he and Mother were married.

against Father. N.T. Hearing on Petition to Intervene, 9/24/19, at 12, 22. On March 21, 2019, Father, who was incarcerated at S.C.I. Forest, filed a *pro se* complaint for visitation with both children.

Following mediation and a recommendation by the child custody mediator, the trial court entered an order on June 17, 2019, granting Mother sole legal and physical custody.[2] The order further directed Mother retained discretion to allow Father contact with the children.

On July 3, 2019, Father filed a request for a hearing *de novo*. That same day, Grandmother — who is Father's mother — filed a petition under 23 Pa.C.S. § 5325(2)[3] to intervene in this custody matter, seeking partial physical custody of the children.[4] The trial court scheduled the *de novo* hearing, requested by Father, for November 12, 2019.

Meanwhile, on September 24, 2019, the trial court held a hearing on

---

[2] In support, the court found Father was convicted of terroristic threats in 2011, as well as driving under the influence in 2012, 2017, 2018. The court noted these were enumerated offenses, under 23 Pa.C.S. § 5329 ("Consideration of criminal conviction"), which required the court to determine whether Father did "not pose a threat of harm to the child before making any order of custody." **See** 23 Pa.C.S. § 5329; Order, 6/17/19.

[3] **See** 23 Pa.C.S. § 5325(2)(i)-(ii) (grandparents may file action for partial physical custody or supervised physical custody where: relationship with child began either with consent of a parent or under court order; parents have commenced custody proceeding; and parents do not agree as to whether grandparents should have custody).

[4] Father and Grandmother are represented by the same attorney. Mother is also represented by counsel.

Grandmother's petition to intervene and granted the petition. Pertinently, at the hearing, the trial court and Father and Grandmother's counsel referred to the future, scheduled *de novo* hearing. N.T. at 26. Mother filed a notice of appeal, along with a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2).

Preliminarily, we note:

> Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); (4) or a collateral order (Pa.R.A.P. 313). The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order.

> A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. Pa.R.A.P. 341(b)(1)-(3). . . .

> *     *     *

> ["A] **custody** order is considered final and appealable only if it is both: (1) entered after the court has completed its hearings on the merits; and (2) intended by the court to constitute complete resolution of the custody claims pending between the parties." . . .

**Beltran v. Piersody**, 748 A.2d 715, 717 (Pa. 2000) (some citations omitted).

Initially, this Court issued a *per curiam* order directing Mother to show cause why this appeal should not be quashed as taken from an interlocutory and unappealable order. Order, 10/31/19. Mother responded that the order, allowing Grandmother to intervene, was an appealable collateral order under Pa.R.A.P. 313. That rule provides:

>   **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
>   **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(a)-(b). Mother averred: (1) the question of whether Grandmother should be permitted to intervene was collateral to the main issue of child custody; (2) the court's order impacted "the number of parties who will participate in the action;" and (3) Mother's claim will be irreparably lost if review is postponed. Mother's Response to Rule to Show Cause, 11/6/19, at 1-2. With respect to this last point, Mother contended Grandmother was "not able to meet the elements required for standing [to intervene] and that she has no existing relationship with the children, but pending custody litigation and a subsequent appeal[,] Grandmother would potentially be afforded the opportunity to initiate a relationship which would then make [Mother's] point moot." *Id.* at 2. Mother also asserted that if this appeal is quashed, she "will be subjected to extensive litigation involving [Grandmother], including a custody mediation, a custody trial and second appeal on the exact issue she now seeks to raise." *Id.* This Court discharged our rule to show cause, but advised the parties the issue may be revisited by the merits panel.

Mother presents two issues for our review:

1. Whether the Trial Court erred in granting standing to [G]randmother to Intervene in the custody proceedings pursuant to Pa.C.S.A. §5325(2).

2. Whether the Trial Court erred in determining that the lack of a prior relationship between the grandparent and child was not relevant to the issue of Standing in . . . Grandmother's Petition to Intervene in Custody Proceedings when determining whether the requirements of 23 Pa.C.S.A. § 5325(2) were met.

Mother's Brief at 6.

Upon careful review of the relevant law and Mother's response to this Court's rule to show cause, we conclude the trial court's order, allowing Grandmother to intervene, is an interlocutory order and not appealable. Mother does not dispute the order was not a final order under Pa.R.A.P. 341. We disagree with her claim the order was an appealable collateral order under Pa.R.A.P. 313. Mother's contention that her claim would be irreparably lost is speculative — while she is concerned Grandmother may form a relationship with the children, such a scenario would not result from the September 24, 2019, order, which merely permitted Grandmother to participate in the custody litigation. Instead, any future interaction between Grandmother and the children would depend on a hypothetical final custody ruling granting Grandmother partial custody or visitation; however, as stated above, the court and the parties have yet to proceed to a *de novo* hearing. Furthermore, while we acknowledge the costs and time of litigation may present a hardship on any party, we reject Mother's reliance on this factor in arguing the appeal should not be quashed; the costs of future litigation, alone, are not relevant in determining whether an order is appealable. To this end, we additionally note that whether or not Grandmother was permitted to intervene, Mother

would have had to continue litigation with Father, whose petition for a *de novo* hearing was granted.

In sum, because there has been no final "resolution of the custody claims pending between the parties," the order granting Grandmother permission to intervene was not final. **See** Pa.R.A.P. 341(a); **Beltran**, 748 A.2d at 717. We further hold the order was not appealable under Pa.R.A.P. 313. **See** Pa.R.A.P. 313. Accordingly, we quash this appeal.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2020